**ROYAL CADILLAC SERVICE, Inc., et al.
v. UNITED STATES et al.**

District Court, S. D. New York.

Dec. 15, 1942.

George H. Rosen, of New York City, for plaintiffs.

Thurman Arnold, Asst. Atty. Gen., Robert L. Pierce, Sp. Atty., Department of Justice, of Washington, D. C., and Frank Coleman, Sp. Asst. to Atty. Gen., for defendant United States.

E. M. Reidy, Asst. Chief Counsel and Attorney, for defendant, of Washington, D. C., Interstate Commerce Commission.

James F. X. O'Brien, of Newark, N. J., for intervenor Hudson Transit Lines, Inc.

Henry P. Goldstein, of New York City, for intervenor Mountain Transit Corporation.

Before FRANK, Circuit Judge and BONDY and COXE, District Judges.

PER CURIAM.

This Court has heretofore held that the Interstate Commerce Commission properly decided that the plaintiff failed to establish any right to a certificate of convenience and necessity under the grandfather clause of Section 206(a) of the Motor Vehicle Act of 1935, 49 U.S.C.A. § 306(a), and denied plaintiffs' application for a preliminary injunction restraining the Commission from enforcing the order made thereon. In view of the fact, however, that upon hearings before the Commission the plaintiffs and protestants gave and the examiner received evidence as to public convenience and necessity and that the examiner expressly found that plaintiffs failed to establish public convenience and necessity, and that in their exceptions to the report of the Commission and in their application for a rehearing and in the bill of complaint and before this Court they maintained that they had established public convenience and necessity, this Court remanded the applications to the Commission for further proceedings with reference to the issue of public convenience and necessity.

The original record made on the applications, to the consideration of which the Commission confined itself, discloses the character of the services rendered by the existing regular route motor carriers of passengers in the territory covered by plaintiffs' applications, the number of terminals and garages maintained by them, the number of buses operated by them, the schedule on which they operated, their ability to provide adequate service to the public and to provide for increased or emergency demands.

It is true that the record also discloses that in the short period during which the plaintiffs had then carried on their competing service they did so successfully. The evidence, however, also discloses that the plaintiffs diverted to themselves at least some of the service theretofore rendered by other existing carriers and the extent to which the existing carriers were preju-

226

diced by the services rendered by the plaintiffs. The Commission, accordingly, was justified in concluding that the existing carriers were providing adequate and satisfactory service between the points sought to be served by the applicants, and that the applicants accordingly have not established that public convenience and necessity require operations by them in the manner proposed, and that the evidence shows the proposed operations are not required by public convenience and necessity and denied the application for such service.

█ On the former hearing before this Court, the plaintiffs contended that the Commission should have decided not only whether the plaintiffs were entitled to a certificate under the grandfather clause but also whether on the record the plaintiffs had established they were entitled to a certificate on the grounds of existing public convenience and necessity irrespective of grandfather rights and the case was remanded only for such consideration. It accordingly was entirely within the discretion of the Commission to grant or deny a new hearing on that record. Nor did the Commission abuse its discretion in refusing to reopen the case to bring their applications down to date, and in requiring the plaintiffs, who were operating unlawfully, without a certificate, to make new applications for certificates based on public convenience and necessity arising after their original applications were made.

The Supreme Court in Atchison, Topeka & Santa Fe R. Co. v. United States, 284 U. S. 248, 52 S.Ct. 146, 150, 76 L.Ed. 273, relied on by plaintiffs, expressly stated "This is not the usual case of possible fluctuating conditions but of a changed economic level." Moreover, the decision involved rates to be charged in the future by a lawfully operating carrier. No facts were stated in the present applications to reopen, showing that a denial did any injustice to the plaintiffs, or that any economic changes have taken place requiring the issuance of a certificate.

We understand that the Commission's order speaks as of the date when the original hearings were closed, and does not preclude the plaintiffs from making new applications to the Commission upon evidence as to matters thereafter occurring.

The applications of the plaintiffs to annul the Commission's order are denied and the complaint dismissed.